**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| KENNETH WILLIS | ) | CASE NO. 1:10-cv-01524 LJO JLT |
| Plaintiff, | ) | |
| v. | ) | ORDER CONTINUING SCHEDULING CONFERENCE |
| STATE OF CALIFORNIA, et al., | ) | |
| Defendants. | ) | |

This matter was filed on August 23, 2010 (Doc. 1) and summonses were issued on August 24, 2010. (Docs. 4-6) No defendant has filed a responsive pleading in this matter and the Court notes that no proofs of service have been filed evidencing that any of the defendants have been served.

On August 23, 2010, the Court issued its "Order Setting Mandatory Scheduling Conference." That Order set forth the obligations of counsel related to the Scheduling Conference. The Order reads,

> "The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, **plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims**."

(Doc. 7 at 1, emphasis added) Notably, the Order sets forth the duty of counsel where it provides,

> **SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN EX PARTE**

1

**HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, OR SANCTIONS, INCLUDING CONTEMPT OF COURT, MAY BE IMPOSED AND/OR ORDERED.**

Id. at 8, emphasis in the original. Moreover, according to Fed. R. Civ. P. Rule 4(m), Plaintiff is obligated to serve the summons within 120 days or the Court may, after notice to Plaintiff, dismiss the action, unless good cause for the failure is shown. Here, the Court has no information why the defendants have not been served.[1,2] Likewise, Plaintiff has not requested additional time to effect service.

Based upon the foregoing, the Court finds that there is good cause to continue the Scheduling Conference. Accordingly, IT IS HEREBY ORDERED that:

1. The Scheduling Conference set for December 2, 2010 at 9:30 a.m. is vacated and reset for March 3, 2011 at 9:00 a.m at 1200 Truxtun Avenue, Suite 120, Bakersfield, CA before Magistrate Judge Jennifer L. Thurston;
2. The parties must file a Joint Scheduling Report no later than February 24, 2011;
3. Plaintiff is reminded of his obligation to comply with Fed. R. Civ. P. Rule 4(m);
4. Plaintiff is **ORDERED** to serve each defendant with a copy of this order with the summons and complaint.

IT IS SO ORDERED.

Dated:   **November 30, 2010**                    /s/ Jennifer L. Thurston
                                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] In light of the fact that the defendants are the State of California and employees of the California Highway Patrol, it is difficult to believe that attempts at service would not been fruitful.

[2] Plaintiff should consider whether he should dismiss the State of California given the protections of the Eleventh Amendment immunity . Jackson v. Hayakawa, 682 F.2d 1344, 1349 (9th Cir. Cal. 1982) (" Under the Eleventh Amendment, states are immune from private damage actions in federal court.")