IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIS, ) | Case No.: 1:10-cv-01524 JLT |
| ) | |
| Plaintiff, ) | ORDER VACATING THE SCHEDULING |
| ) | CONFERENCE SET FOR MARCH 3, 2011 |
| v. ) | |
| ) | ORDER TO SHOW CAUSE WHY THE |
| STATE OF CALIFORNIA, et al., ) | ACTION SHOULD NOT BE DISMISSED |
| ) | |
| Defendant. ) | |
| ) | |

Kenneth Willis ("Plaintiff") commenced this action on August 23, 2010 (Doc. 1), and summons were issued on August 24, 2010 (Docs 4.-6). To date, no proofs of service have been filed evidencing that any of the defendants have been served.

On August 23, 2010, the Court issued its "Order Settling Mandatory Scheduling Conference," which set forth the obligations related to the Scheduling Conference. (Doc. 7). Further, the Order informed Plaintiff, "The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly, **plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims**." (Doc. 7 at 1) (emphasis added). Furthermore, Order warns failure to comply with the Order may result in dismissal of the action:

> **SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN <u>EX PARTE</u>**

**HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, INCLUDING SANCTIONS AND CONTEMPT OF COURT.**

*Id* at 8.  The Court issued an order continuing the scheduling conference on November 30, 2010, because service had not been effected at that time.  (Doc. 10).  Also, Plaintiff was ordered to serve each defendant a copy of the Order with the summons and complaint.  *Id.* at 2.

The Federal Rules of Civil Procedure set forth the standards for commencing an action and for service.  Rule 4(m) requires a defendant to be served within 120 days of the filing of the complaint.  Fed. R. Civ. P. 4(m).  Thus, defendants should have been served by December 21, 2010.  When service of the summons and complaint is not made within the specified time, federal district courts have the authority to dismiss an action *sua sponte* without prejudice, after notice to the plaintiff.  *Id.*  Notably, within the Court's order on November 30, 2010, Plaintiff was clearly advised of his obligation to effect service of process within the Rule 4(m) deadline and in compliance with Rule 4.  (*See* Doc. 10 at 2).  Moreover, by the same Order, Plaintiff was notified that dismissal of this action might result for failure to effect service without good cause.  *Id.*

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  LR 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, IT IS HEREBY ORDERED:

1. The Scheduling Conference set for March 3, 2011, is VACATED; and

    2.    Plaintiff is ORDERED to show cause within 14 days of the date of service of this Order why the action should not be dismissed for his failure to comply with Rule 4(m) or follow the Court's Order.

IT IS SO ORDERED.

Dated:   **March 1, 2011**                                          /s/ **Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE