IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WILLIS,<br><br>        Plaintiff,<br>   v.<br>STATE OF CALIFORNIA, et al.,<br><br>        Defendants. | Case No.: 1:10-cv-01524 LJO JLT<br><br>FINDINGS AND RECOMMENDATIONS DISMISSING THE ACTION WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO OBEY THE COURT'S ORDERS |

Kenneth Willis ("Plaintiff") commenced this action on August 23, 2010 (Doc. 1), and summons were issued on August 24, 2010 (Docs 4.-6). To date, no proofs of service have been filed evidencing that any of the defendants have been served.

On August 23, 2010, the Court issued its "Order Settling Mandatory Scheduling Conference," which set forth the obligations related to the Scheduling Conference. (Doc. 7). Further, the order informed Plaintiff, "The Court is unable to conduct a scheduling conference until defendants have been served with the summons and complaint. Accordingly**, plaintiff(s) shall diligently pursue service of summons and complaint and dismiss those defendants against whom plaintiff(s) will not pursue claims**." (Doc. 7 at 1) (emphasis added). Furthermore, the Order warns failure to comply may result in dismissal of the action:

> **SHOULD COUNSEL OR A PARTY APPEARING PRO SE FAIL TO APPEAR AT THE MANDATORY SCHEDULING CONFERENCE, OR FAIL TO COMPLY WITH THE DIRECTIONS AS SET FORTH ABOVE, AN <u>EX PARTE</u>**

1

**HEARING MAY BE HELD AND JUDGMENT OF DISMISSAL, DEFAULT, OR OTHER APPROPRIATE JUDGMENT MAY BE ENTERED, INCLUDING SANCTIONS AND CONTEMPT OF COURT.**

*Id* at 8. The Court issued an order continuing the scheduling conference on November 30, 2010, because service had not been effected at that time. (Doc. 10). Also, Plaintiff was ordered to serve each defendant a copy of the order with the summons and complaint. *Id.* at 2. Because Plaintiff had not effected service, the Court issued an order to show cause why the action should not be dismissed for Plaintiff's failure to comply with the Federal Rules of Civil Procedure on March 1, 2011. (Doc. 11). Plaintiff was ordered to respond to the Court's order within fourteen days of service, or by March 15, 2011. *Id.* at 3. To date, Plaintiff has not complied with or otherwise responded to the Court's order.

**I.  Rule 4(m)**

The Federal Rules of Civil Procedure set forth the standards for commencing an action and for service. Rule 4(m) requires a defendant to be served within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). Thus, defendants should have been served by December 21, 2010. When service of the summons and complaint is not made within the specified time, federal district courts have the authority to dismiss an action *sua sponte* without prejudice, after notice to the plaintiff. *Id.* Notably, within the Court's order on November 30, 2010, Plaintiff was clearly advised of his obligation to effect service of process within the Rule 4(m) deadline and in compliance with Rule 4. (*See* Doc. 10 at 2). Moreover, by the same order, Plaintiff was notified that dismissal of this action might result for failure to effect service without good cause. *Id.*

**II.  Failure to prosecute and obey the Court's orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g. Ferdik v.*

*Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

### III.  Discussion and Analysis

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal.  The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action.  *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Notably, Plaintiff has failed to effect service though the defendants are the State of California and employees of California Highway Patrol, and it is difficult to believe attempts of service would not have been fruitful.

Finally, the Court's warning to Plaintiff that failure to obey the order would result in dismissal satisfies the requirement that the Court consider less drastic measures.  *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424.  In the order setting the mandatory scheduling conference, Plaintiff was informed that failure to comply with the rules may result in "dismissal, default, or other appropriate judgment."  (Doc. 9 at 8).  Likewise, when continuing the scheduling order, the Court warned that it may "dismiss the action, unless good cause for the failure [to comply with Rule R(m)] is shown."  (Doc. 10 at 2).  Also, in the order to show cause, Plaintiff was informed that his failure to comply with the Court's order or to prosecute his case could result dismissal of the action.  (Doc. 11 at 2).  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance

1  with the Court's order.  Given these facts, the Court finds the policy favoring disposition of cases on
2  their merits is outweighed by the factors in favor of dismissal.

### IV. Findings and Recommendations

Since filing his complaint on August 23, 2010, Plaintiff has not engaged in this action in any manner, nor sought to prosecute his case.  Furthermore, Plaintiff has failed to comply with the Court's order to show cause as to why the matter should not be dismissed.

Accordingly, **IT IS HEREBY RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for Plaintiff's failure to prosecute and failure to obey the Court's orders of September 21, 2010, November 30, 2010, and March 1, 2011.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within FOURTEEN (14) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **March 21, 2011**                                   /s/ Jennifer L. Thurston
                                                              UNITED STATES MAGISTRATE JUDGE